

JONES SWANSON HUDDELL & GARRISON LLC®

Peter N. Freiberg
pfreiberg@jonesswanson.com

July 1, 2019

**Via ECF**
The Honorable Claire C. Cecchi
United States District Judge for the District of New Jersey
Martin Luther King Building and United States Courthouse
50 Walnut Street
Newark, New Jersey  07101

   Re: *Educational Financial Services, a Division of Wells Fargo Bank, N.A., Appellant, v. Veronica Knepp, Appellee*
     No. 2:19-cv-05096

Dear Judge Cecchi:

  Please accept this response to Appellant's letter of June 25, 2019 noting *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019).

  *Taggart* has nothing to do with the singular issue on appeal from the Bankruptcy Court, which is whether the Bankruptcy Court correctly denied Appellant's motion to compel arbitration. The question before the Supreme Court in *Taggart* concerned the substantive standard for holding a creditor in contempt for violating a bankruptcy discharge order issued pursuant to 11 U.S.C. §524. *Taggart* did not address whether an arbitrator can enforce a bankruptcy court order under §524.  Further, *Taggart* relied on 11 U.S.C. §105, which "authorizes *a court* to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.'" *Id.* (emphasis added).  *Taggart* did not endorse creditors relying on form arbitration clauses to deprive bankruptcy courts of the power under §105 to enforce their own orders.  As Judge Papalia stated here:

> This Court is not a party to the arbitration agreement, and it is not…the note agreement that is seeking to be enforced or returned.  What is at issue is the scope of the discharge and the effect of the discharge injunction, and it is appropriate that that be heard in this court to avoid conflict with the fundamental purposes of the Bankruptcy Code and its policy of a fresh start. (Transcript of December 18, 2018 hearing, pp. 43-44).

  Contrary to Appellant's statement, Judge Papalia did not "presume" that Appellee's debt was discharged when he refused to compel arbitration. Rather, he ruled the exact opposite, holding that the status of dischargeability—while fixed by the discharge order—is currently in dispute and that both issues (whether the debt was excepted from discharge pursuant to 11 U.S.C. §523 and

whether the discharge injunction issued pursuant to 11 U.S.C. §524 was violated) are properly to be decided by the Bankruptcy Court, not a private arbitrator, because both issues go to the "heart of the bankruptcy code:"

> The Court finds that this is a different type of core proceeding, not just a determination of whether it is dischargeable, but also the enforcement the discharge order and injunction… (Transcript of December 18, 2018 hearing, p. 45).

Judge Papalia neither assumed or presumed that Appellee's debt was discharged, but instead held that it was for the Bankruptcy Court (not a private arbitrator) to decide that issue, and also to decide if there was a violation of the discharge injunction. He did not skip past any predicate questions, but ruled that the issues in the case were for the Bankruptcy Court (rather than a private arbitrator) to determine.

Thank you for your consideration of this matter.

Respectfully submitted,

*Peter N. Freiberg*

Peter N. Freiberg


PNF/cb
cc:   Christopher B. Fontenelli (By ECF Filing)